FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/1/2023 12:17 PM
JAMIE SMITH
DISTRICT CLERK
23DCCV1821

CAUSE NO. _____

| | | |
|---|---|---|
| SHANTER NORMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISRICT, and | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISRICT | § | |
| POLICE DEPARTMENT | § | _____JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

SHANTER NORMAN (hereafter "Plaintiff" or "Norman") ("African American, Black / Not Hispanic") files this Original Petition (hereafter "Petition") complaining of Beaumont Independent School District (hereafter, "BISD"), and Beaumont Independent School District Police Department (hereafter "BISD PD") (hereafter, collectively the "Defendants") and would show the Court as follows:

## I.   INTRODUCTION

1. Defendant, BISD, is a public school district within the state of Texas.

2. While BISD PD is merely a Department within BISD, it is not merely an academic or BISD systems department because it is a Police Agency and the Chief of Police is believed to be the policymaker for all personnel and professional decisions within the department, not only of Texas Certified Peace Officers but also civilian staff members such as Dispatchers.

3. Plaintiff worked for BISD as an officer and was administratively supervised by Chief Joseph Malbrough and Dr. Shannon Allen, the policymakers for the BISD Police Department, who delegated significant personnel and departmental authority to Lieutenant P. Haynes.

1

4. Plaintiff distinguished himself by his hard work, competency, and commitment to his job. Unfortunately, throughout his time as an officer for the BISD Police Department, Plaintiff was subjected to hostile work environment, and retaliation, which culminated in Plaintiff's discharge of employment, by and through Lieutenant P. Haynes.

5. Chief Joseph Malbrough and Lieutenant P. Haynes were and are employees of Defendants.

6. The retaliation against Plaintiff occurred after Plaintiff made a Facebook post praying for integrity and accountability for those in positions of power. Lieutenant P. Haynes constructed false allegations that Plaintiff had been "disrespectful" about his past and present supervisors and contrived reports of anonymous complaints regarding the Plaintiff. This intentional abuse of power caused the separation of Plaintiff from his employment with BISD; subjecting Plaintiff to disparate discipline, including wrongful termination; fabricating accusations against Plaintiff untrue allegations that Plaintiff failed to adhere to BISD policies and retaliating against him for filing a charge against BISD with the EEOC.

7. The retaliation against Plaintiff included but was not limited to Lieutenant P. Haynes' harassment of the Plaintiff; causing the separation of Plaintiff from his employment with BISD; subjecting Plaintiff to disparate discipline, including wrongful termination fabricating accusations against Plaintiff untrue allegations of his "disrespecting current and past supervisors".

8. Accordingly, this action is designed to remedy the Defendants' and retaliation against Plaintiff.

## II. DISCOVERY CONTROL PLAN

9. Plaintiff alleges that discovery in this lawsuit is intended to be conducted under level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### III. THE PARTIES AND SERVICE

10. Plaintiff, Shanter Norman, is an individual and a resident of Jefferson County, Texas. The last three digits of his driver's license are 943. The last three digits of his social security number are 177.

11. Defendants may be jointly served with process herein by serving BISD superintendent, Shannon Allen, at the administration building, Beaumont Independent School District, 3395 Harrison Ave., Beaumont, Texas 77706.

### IV. JURISDICTION AND VENUE

12. At all times relevant to this cause of action Plaintiff's race (nationality) was black, African American / Not Hispanic. At all times relevant to this action, Plaintiff was an "individual," "employee," and a "person" and Defendants were an "employer," as all of those terms are defined and used in Chapter 21 of the *Texas Labor Code*, also known as the *Texas Commission on Human Rights Act* ("TCHRA").

13. Jurisdiction of this cause of action is granted to the Court under said foregoing named statute. The Court has jurisdiction over the parties, the subject matter in controversy, and the amount in controversy in this case, which exceeds the minimal jurisdictional limits of this Court. More specifically, the subject matter jurisdiction in this case is proper in Texas state courts and in this court because:

A. The Court has jurisdiction to hear this matter under the TCHRA (Tex. Lab. Code Chapter 21), which expressly waives sovereign immunity otherwise enjoyed by Texas municipalities for lawsuits involving employment discrimination and retaliation.

B. Plaintiff has exhausted his administrative remedies by filing a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division ("TWCCRD") and the Equal

Employment Opportunity Commission ("EEOC") by filing his Charge of Discrimination #460-2022-00825 within 180 days of the last illegal act taken against him by Defendants.

C. The EEOC investigated this matter on or about June 30, 2023. The TWCCRD issued Plaintiff a Notice of Right to Sue on or about October 4, 2023, which was received by Plaintiff on October 4, 2023.

D. Plaintiff has filed this action within 60 days of the date of his receipt of his Right To Sue, and within two years of the last illegal act pursuant to the Tex. Lab. Code, Chapter

15. Venue is appropriate in Jefferson County, Texas pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §§ 15.001-15.003. More specifically, venue is proper in Jefferson County, Texas because all or a substantial part of the events or omissions made the basis of Plaintiff's claims in this action occurred in Jefferson County, Texas. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## V.     ADDITIONAL FACTS

16. Plaintiff was employed by Defendants until he was discharged from employment on January 5, 2023. Prior to his wrongful termination, Plaintiff was a full-time employee working as an officer for the BISD Police Department.

17. Plaintiff's race is African American, Black / Not Hispanic.

18. From on or about October 21, 2022, until his wrongful termination, Defendants through its supervisors and employees subjected Plaintiff to unlawful harassment and a hostile work environment calculated to result in discharge from his job as an officer with the BISD, after he filed a charge against BISD with the EEOC.

19. The harassment and hostile work environment was motivated by considerations of Plaintiff's protected speech under the First Amendment. It consisted primarily of unwarranted,

false, and exaggerated criticism of Plaintiff's job performance. For example, Plaintiff was investigated by Lieutenant P. Haynes and was wrongly and falsely accused of disrespect and was wrongfully suspended without pay. These allegations were wholly unfounded.

20. After exercising his constitutionally protect right to free speech in form of prayer, filing his complaints of retaliation, and participating in the investigation of his complaints of discrimination, Lieutenant P. Haynes subjected Plaintiff to further retaliation.

21. On or around November 9, 2022, Plaintiff was subjected to harassment, bullying, and discriminatory acts from Captain E. Payne and made to surrender his taser. Plaintiff was suspended for 10 days without pay following his Facebook prayer.

22. Following his wrongful termination, the BISD subjected Plaintiff to post-employment retaliation for him filing and pursuing a Charge of Discrimination against it with the Texas Workforce Commission Civil Rights Division,

23. Specifically, BISD Police Department, terminated witnesses that knew of or witnessed retaliatory actions and had a policy to falsely accuse employees of crimes in order to support a pretextual termination.

24. On January 5, 2023, Plaintiff was wrongfully terminated. Plaintiff alleges that he was terminated in retaliation. Further, Plaintiff alleges that a motivating factor for his termination was his religious statement. The termination of Plaintiff's employment has resulted in damages as hereinafter stated.

25. The above-referenced illegal conduct by Defendants through its supervisors and employees have caused significant injury to Plaintiff, including but not limited to the following: (1) lost wages, benefits, and other privileges of employment; (2) pain and suffering; (3) mental anguish; (4) emotional distress; (5) embarrassment; (6) humiliation; (7) loss of enjoyment of life;

(8) irreparable damage to his good name and reputation; (9) personal injury and (10) irreparable damage to his professional career and future earning potential.

26. At all relevant times, Defendants through its supervisors and employees have acted in bad-faith, intentionally, and with malice in retaliating against Plaintiff, as alleged herein.

## VI. CONDITIONS PRECEDENT

27. All conditions precedent to the filing of this action-including, but not limited to the timely Charge of Discrimination with the Texas Workforce Commission Civil Rights Division, ("TWCCRD") the receipt of a "Notice of Complaint's Right to File Civil Action" from the TWCCRD, and the filing of the instant actions within 60 days of receipt thereof—have been performed or have occurred.

## VII. CAUSES OF ACTION

### RETALIATION
(Count One)

28. Plaintiff re-alleges and incorporates by reference all allegations set forth above. Defendants are liable for the acts of its supervisors and employees and the damages suffered by Plaintiff under principles of respondent superior and agency.

29. Defendants' actions as described above constitute unlawful retaliation in violation of Texas Labor Code, §21.055.

30. As a direct and proximate result of Defendants' unlawful retaliation as described above, Plaintiff has suffered, and will in all likelihood continue to suffer into the future, actual damages in the form of lost wages and benefits, both past and future, in amounts within the jurisdictional limits of this Court for which he hereby sues.

31. As a direct and proximate result of Defendants' unlawful retaliation as described above, Plaintiff has suffered, and will in all likelihood continue to suffer into the future, emotional

pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff is thus entitled to an award of compensatory damages under the Texas Labor Code, §21.2585 in an amount within the jurisdictional limits of this Court for which he hereby sues.

32. Defendant has committed unlawful retaliatory acts with malice or with reckless indifference to Plaintiff's state-protected rights. Plaintiff is thus entitled to an award of punitive damages under the Texas Labor Code, §21.2585 in an amount within the jurisdictional limits of this Court for which he hereby sues.

33. Plaintiff is entitled to an award of reasonable attorney's fees and costs, including expert witness fees, incurred in the prosecution of this action under the Texas Labor Code, §21.259, for which he hereby sues.

### DISCRIMINATION BASED ON RELIGION
### (Count Two)

34. Plaintiff re-alleges and incorporates by reference all allegations set forth above. Defendant is liable for the acts of its supervisors and employees and the damages suffered by Plaintiff under principles of respondent superior and agency.

35. Defendant's actions as described above constitute unlawful discrimination based on religion in violation of Texas Labor Code, §21.051.

36. Defendant's violation consisted of discrimination of a continuous nature and led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment with Defendant.

37. Defendant's actions created a hostile work environment and subjected Plaintiff to discrimination and harassment.

38. Plaintiff was qualified for his position. Plaintiff received promotions and accolades for his employment performance when he worked. Plaintiff was treated disparately because of his

religious beliefs. Plaintiff suffered monetary damages in the past and future as a result of Defendant's discrimination.

39. Plaintiff's religion was a motivating factor in Defendant's disparate treatment of Plaintiff and in its unlawful termination of employment. Defendant's discrimination proximately caused Plaintiff's damages.

40. All discrimination and retaliation taken by Defendant was undertaken in bad faith, with malice, and intent to harm, or require knowledge of the potential for harm to Plaintiff.

41. Plaintiff suffered damages as a result of the unlawful discrimination, including financial losses in the past and future, pain an suffering and extreme and severe mental anguish as well as past and future emotional damages, and all other damages as permitted at law.

42. The above-described acts on Defendant's part were intentional, committed with malice and/or disregard to Plaintiff's civil rights in violation of the Texas Labor Code, which proximately caused Plaintiff substantial injuries and damages.

43. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, including expert witness fees, incurred in the prosecution of this action under the Texas Labor Code, §21.259, for which he hereby sues.

### FIRST AMENDMENT AND ASSOCIATION CLAIMS
(Count Three)

44. The acts of Defendants also violated Plaintiff's first amendment rights. Plaintiff engaged in protected first amendment expression related to matters of public concern. After engaging in speech that was not related to his job responsibilities as a police officer but was speech as a private citizen the Plaintiff was subjected to discrimination and retaliation.

45. Plaintiff's interest in commenting on matters of public concern outweighed any claim by the district that it had some other interest in its actions.

46. The speech promoted by Plaintiff did more than address his personal grievance, it addressed actions by his employer which were arbitrary and capricious in that they were failures to follow the policy of a state actor.

47. Plaintiff's speech was the motivating factor behind the adverse employment action.

48. Discharge from public employment under circumstances that put the employee's reputation, honor, or integrity at stake give rise to a liberty interest under the Fourteenth amendment.

49. Plaintiff does not lose constitutional protection because he attempted to resolve the injury to his reputation through an internal procedure such as a grievance.

## VIII. DAMAGES

50. Plaintiff seeks damages against Defendants to the fullest extent allowed by law.

51. Plaintiff has suffered and continues to suffer damages in an exact amount to be proven at trial. Plaintiff seeks monetary relief over $1,000,000.

52. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

    a. Severe loss of earnings.

    b. Severe damage to earning capacity.

    c. Severe and continuing damage to Plaintiff's reputation.

    d. Severe injury

    e. Severe and continuing mental anguish, emotional pain, suffering, loss of enjoyment of life, and inconvenience in the past, present and future.

    f. Severe damage to pension and retirement benefits that will have a negative effect on the rest of his career and life.

g. An amount for his actual and compensatory damages, general damages, and special damages, to the fullest extent allowed by law.

h. An additional amount as exemplary and punitive damages because the conduct of Defendants described above was taken and carried out with actual malice, ill will and spite toward Plaintiff, and the desire to inflict injury and damage upon Plaintiff without any cause or excuse; thus Plaintiff is entitled to recover exemplary and punitive damages to punish Defendants for their wrongful conduct and to prevent and deter others with similar inclinations from committing similar acts.

i. Reinstatement, or in lieu or reinstatement, front pay as equitable relief.

## IX. ATTORNEY'S FEES

53. It was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, Plaintiff is entitled to an award of attorney fees and costs.

## X. JURY DEMAND

54. Plaintiff demands that this Court empanel a lawful jury to hear this case.

## XI. RESERVATION OF RIGHTS

55. Plaintiff specifically reserves the right to bring additional causes of action against Defendants and to amend this Petition as necessary.

## XII. REQUEST FOR DISCLOSURE

56. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2, Texas Rules of Civil Procedure.

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon a jury trial hereof, this Court grant him the following relief:

a.  Lost past wages and benefits from all Defendants;

b.  Lost future wages and benefits from all Defendants;

c.  All actual damages, compensatory damages, general damages, special damages, and punitive damages as allowed by law from all Defendants;

d.  Monetary relief in the fullest amount allowed by law;

e.  Judgment against all Defendants for all other relief, legal or equitable, to which Plaintiff deems himself entitled; and

f.  Reinstatement, or in lieu or reinstatement, front pay as equitable relief.

g.  Plaintiff further seeks pre- and post-judgment interest, costs of court, attorney's fees, expert fees, and litigation expenses for trial and appeal from all Defendants.

Respectfully submitted,

*/s/ Brandon Monk*
Brandon P. Monk,
TBN. 24048668
4875 Parker Drive
Beaumont, Texas 77705
Phone:  (409) 724-6665
Fax:      (409) 729-6665
brandon@themonklawfirm.com

ATTORNEY FOR SHANTER NORMAN

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ednesha Cook on behalf of Brandon Monk
Bar No. 24048668
ecook@themonklawfirm.com
Envelope ID: 82147080
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 12/4/2023 7:10 AM CST

Associated Case Party: Shanter Norman

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Brandon P. Monk | | brandon@themonklawfirm.com | 12/1/2023 12:23:39 PM | SENT |
| Melissa LeJeune | | mlejeune@themonklawfirm.com | 12/1/2023 12:23:39 PM | SENT |
| Ednesha Cook | | ecook@themonklawfirm.com | 12/1/2023 12:23:39 PM | SENT |