IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHANTER NORMAN, *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 1:24-cv-00007-MJT |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, *et al.* *Defendants.* | § § § § | |

### DR. SHANNON ALLEN AND CHIEF JOSEPH MALBROUGH'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Dr. Shannon Allen and Chief Joseph Malbrough (the "Individual Defendants") file this reply in support of their motion to dismiss [Dkt. No. 18], as follows:

**I.    Norman's response to the Individual Defendants' motion to dismiss his official capacity claims as duplicative is factually and legally flawed.**

Norman concedes that official capacity claims are simply another way of pleading an action against a governmental entity. [Dkt. No. 24 at pp. 1-2]. Yet, he claims that it would be premature to dismiss the official capacity claims because discovery *may* reveal that the Individual Defendants are liable for his Section 1983 claims separate from Beaumont ISD's general liability. [*Id.* at p. 2]. This argument ignores the fact that Norman already brings Section 1983 claims against the Individual Defendants in their *individual* capacities, which are separate from his claims against Beaumont ISD.[1] Additionally, Norman cites no authority for the proposition that dismissing his duplicative official capacity claims would be premature. In fact, every case he cites is either misquoted or supports the opposite proposition: *i.e.*, that duplicative official capacity claims should be dismissed.

For example, Norman cites to a footnote in *Kentucky v. Graham* to suggest that courts have discretion to allow official capacity claims against both individuals and the governmental entity. [*Id.*

---

[1] As discussed *infra*, the Individual Defendants are immune from Norman's individual capacity claims.

at pp. 1-2]. But the language Norman purportedly quotes appears nowhere in the opinion. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Moreover, the footnote Norman cites actually supports the Individual Defendants' position and indicates that any flexibility a court may have to dismiss official capacity claims rests on whether Eleventh Amendment immunity has been waived, which is not at issue here because Beaumont ISD is not a state agency:

> ***There is no longer a need to bring official-capacity actions against local government officials, for under Monell, supra, local government units can be sued directly for damages and injunctive or declaratory relief.*** Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its name regardless of the relief sought. Thus, implementation of state policy of custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State.

*Id.* (emphasis added).

Next, Norman cites *Goodman v. Harris County* to argue that official capacity claims may be maintained where individual liability is distinct and separate from the governmental entity's liability. [Dkt. No. 24 at p. 2]. Again, the quoted language is not found in the opinion. *See Goodman v. Harris Cnty.*, 571 F.3d 388 (5th Cir. 2009). And again, *Goodman* actually notes the redundancy of official capacity claims. *See id.* ("Because official capacity suits are really suits against the governmental entity, Goodman's attempt to hold Hickman liable for failing to train and supervise Ashabranner, if in his official capacity, is subsumed within her identical claim against Harris County.").

Norman's pattern of misquoting and misrepresenting cases continues throughout his argument. The language Norman cites for *Veatch v. Bartels Lutheran Home* is not in the opinion, and the Eighth Circuit actually held that "the court properly dismissed the [official capacity claims] against Leonard as redundant of the claim against the City." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Norman's citation to *Robinson v. Sappington* is more of the same. The opinion does not discuss judicial economy, but it does note that official capacity claims are duplicative of claims against the governmental entity. *See Robinson v. Sappington*, 351 F.3d 317, 328 (7th Cir. 2003).

2

Norman also misrepresents *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk* as well since, in *Norfolk*, the court actually disregards the official capacity claims against the superintendent because "an official capacity suit is treated as a suit against the governmental entity." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 609 (8th Cir. 2003). And in *Wilson v. Northcutt*, Norman's quoted language is once again not accurate and not applicable because the case evaluates the individual defendants' entitlement to qualified immunity for the claims against them in their individual capacities, not their official capacities. *See Wilson v. Northcutt*, 441 F.3d 586, 590 (8th Cir. 2006).

Norman has not demonstrated that his official capacity claims against the Defendants should survive dismissal, nor has he distinguished the numerous cases (accurately) cited by the Individual Defendants. *See, e.g., Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (affirming dismissal of official capacity claims because "these allegations duplicate claims against the respective governmental entities themselves"); *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 1002–03 (S.D. Tex. 2014) (same); *Thomas v. City of Galveston, Tex.*, 800 F. Supp. 2d 826, 833 (S.D. Tex. 2011) (same). Moreover, allowing Norman to proceed with duplicative claims will necessarily increase the costs of the litigation, and will inevitably waste valuable time and resources. What it *won't do* is change the outcome of this case, one way or the other—because *all* of the relief Norman seeks in this lawsuit against the Individual Defendants in their official capacities can be obtained pursuant to his claims against Beaumont ISD.

**II.    Norman's Section 1983 claims against the Individual Defendants must be dismissed because Norman has not met his burden of overcoming their entitlement to qualified immunity.**

Norman's assertion that the Fifth Circuit disfavors motions to dismiss based on qualified immunity is legally incorrect. [*See* Dkt. No. 24 at pp. 9-10]. Qualified immunity is "not simply immunity from monetary liability" but also "immunity from having to stand trial," therefore, there is an interest in qualified immunity entering a lawsuit "**at the earliest possible stage of litigation.**" *Westfall v. Luna*, 903 F.3d 534, 542 (5th Cir. 2018) (emphasis added) (quoting *Anderson v. Creighton*, 483

3

U.S. 635, 646 n.6 (1987)). In fact, the very essence of qualified immunity is to protect public officials, like Superintendent Allen and Chief Malbrough, from the "disruption and costs associated with litigation." *Mitchell v. Forsyth*, 472 U.S. 511 (1985). Additionally, the Individual Defendants are entitled to qualified immunity *unless* Norman meets his burden of demonstrating that their conduct violated "clearly established" federal law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Norman can only meet this heavy burden by responding with factual specificity. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Conclusory assertions will not suffice. *Baker v. Putnal*, 75 F.3d 190, 195 (5th 1996).

Norman admits that he has not satisfied his burden when he concedes that his "complaint does not detail each individual defendant's specific actions." [Dkt. No. 24 at p. 9]. He makes this concession twice. [Dkt. No 24 at p. 11]. These admissions alone warrant dismissal because a Section 1983 plaintiff "must plead that each Government-official defendant, though the official's *own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added). And when multiple defendants are alleged to have committed constitutional violations, the plaintiff must allege with specificity what each defendant did to commit those violations, and the court should analyze each claim of qualified immunity separately. *Babb v. Dorman*, 33 F.3d 472, 479 (5th Cir. 1994); *see also Darden v. City of Fort Worth, Tex.*, 880 F.3d 722, 731 (5th Cir. 2018) ("In cases where the defendants have not acted in unison, qualified immunity claims should be addressed separately for each individual defendant.") (internal citations and quotations omitted). Yet, Norman's response in support of his constitutional claims against the Individual Defendants reads more like a response in support of his claims against Beaumont ISD , given that he focuses on the District's alleged actions or inactions, *not* those of the Individual Defendants.[2]

---

[2] Beaumont ISD's motion to dismiss Norman's Section 1983 claim is fully briefed and pending before the Court. [Dkt. No. 10].

Instead of specifically pleading how Superintendent Allen and Chief Malbrough individually violated his rights, he claims that his general allegation that Superintendent Allen and Chief Malbrough were policymakers who delegated authority to Lieutenant Haynes, who then allegedly engaged in retaliatory conduct, is sufficient. It is not. And once again, the case he cites to support this misguided assertion actually supports the Individual Defendants' position. *See James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (to state a personal-capacity claim under Section 1983, a plaintiff must allege that the individual defendant was *personally* involved in the constitutional deprivation, or that their wrongful actions were causally connected to such a deprivation). In any event, Norman's conclusory allegation is factually and legally incorrect given that the Board of Trustees is Beaumont ISD's final policymaker *as a matter of law*.³ And merely claiming that Superintendent Allen and Chief Malbrough were supervisors and allegedly delegated some unknown authority to Lieutenant Haynes does not come close to plausibly suggesting that Superintendent Allen and Chief Malbrough *personally* and *individually* violated Norman's constitutional rights. Consequently, the Individual Defendants' entitlement to qualified immunity remains intact and Norman's Section 1983 claims against them must be dismissed.

**III.    Even if Norman had specifically pled facts against the Individual Defendants (he did not), he still has not plausibly alleged a deprivation of his constitutional rights.**

Norman's response in support of his First and Fourteenth Amendment claims falls short. With respect to Norman's free speech retaliation claim, the Individual Defendants pointed to numerous authorities stating that police departments have a strong interest in maintaining efficiency and good relationships in the workplace, and that an officer publicly criticizing his or her department and its leaders is more akin to an employee-employer dispute than a matter of public concern. *See*

---

³*Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993) (finding that under well-established Texas law, the final policymaker for a Texas independent school district is its board of trustees); *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (The "delegation of decision-making authority does not negate the fact that both under Texas law, and the Board's own policies, final policymaking authority lies exclusively with the Board.")

*Graziosi v. City of Greenville Mississippi*, 775 F.3d 731 (5th Cir. 2015) (police officer spoke in her capacity as a public employee when she criticized her police chief on Facebook; posts did not address a matter of public concern.); *Nixon v. City of Houston*, 511 F.3d 494, 498 (5th Cir. 2007) ("[B]ecause police departments function as paramilitary organizations charged with maintaining public safety and order, they are given more latitude in their decisions regarding discipline and personnel regulations than an ordinary government employer.") (internal citations omitted); *Grutzmacher v. Howard County*, 851 F.3d 332 (4th Cir. 2017) ("[T]he Department's interest in efficiency and preventing disruption outweighed Plaintiff's interest in speaking in the manner he did regarding gun control and the Department's social media policy.").

In response, Norman generally claims that his posts involved matters of public concern because he allegedly addressed the integrity of public officials. But the only case he cites to support this proposition is *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004) (en banc), where the plaintiffs spoke about the police department allowing officers to use excessive force. *Kinney* is distinguishable from this case because Norman's Facebook post suggests that he had personal issues with his supervisors—nothing about it suggests he was complaining about police misconduct. Nor does Norman plead that he was complaining about police misconduct. Furthermore, Norman does not adequately respond to the Individual Defendants' argument that a police department's interests in an efficient and orderly workplace outweigh Norman's personal interests, an essential element of his First Amendment claim. Put simply, Norman has not sufficiently alleged that his Facebook posts should be protected under the First Amendment. And Norman certainly has not alleged how Superintendent Allen or Chief Malbrough personally violated his First Amendment rights, which is fatal to his claim against them.

As to Norman's Fourteenth Amendment due process claim, nothing about the response changes the fact that one passing reference to the Fourteenth Amendment is insufficient to state a

valid due process claim. [*See* Dkt. No. 9, ¶ 47]. As explained in *Bledsoe*:

> The Fifth Circuit applies a seven-element "stigma-plus-infringement" test to determine whether § 1983 affords a government employee a remedy for deprivation of liberty without notice or an opportunity to clear his name. The plaintiff must show: (1) he was discharged; (2) stigmatizing charges were made against him in connection with the discharge; (3) the charges were false; (4) he was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) he requested a hearing to clear his name; and (7) the employer denied the request.

*Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006). Norman admits that he did not "explicitly allege that he requested a name-clearing hearing or that such a request was denied." [Dkt. No. 24 at p. 8]. More importantly, he does not attempt to argue that either Superintendent Allen or Chief Malbrough were the ones who denied him a name-clearing hearing. Without such allegations, his due process claim necessarily fails. *See Caleb v. Grier*, 598 Fed. App'x 227, 239 (5th Cir. 2015) (plaintiff failed to state a claim for violation of her procedural due process rights because she did not allege any facts indicating the defendants "had any ability, authority, or even influence to deny her access to a name-clearing hearing, much less that they did so"). Also, Norman's vague reference to filing a complaint of retaliation certainly does not satisfy the request for a name-clearing hearing, given that the alleged complaints would have occurred *prior* to his termination, thus negating the first element of the stigma-plus test. *See Bledsoe*, 449 F.3d at 653.

Additionally, Norman admits that he did not plead that alleged stigmatizing charges were made public. Instead, he asks the Court to infer the public nature of the charges simply because he alleges damage to his reputation. [*See* Dkt. No. 24 at 8]. But "[a] liberty interest is not implicated unless false charges have been officially or intentionally divulged to persons outside the governmental agency employing the claimant, or are likely to be so divulged." *Willbanks v. Smith Cnty., Tex.*, 661 F. Supp. 212, 217 (E.D. Tex. 1987) (citing *Campos v. Guillot,* 743 F.2d 1123, 1126 (5th Cir.1984) and *Wells v. Hico Independent School District,* 736 F.2d at 256)). "To publicly disclose means to 'publish,' that is, to make known to people generally." *Id.* Norman does not allege that anyone knew about the allegedly

stigmatizing charges or that Superintendent Allen or Chief Malbrough made any public charges against him, so there are no factual allegations from which the Court can reasonably infer that the charges were made public. *Iqbal*, 556 U.S. at 678. Accordingly, Norman's due process claim fails.

IV. **Norman's state law claims against the Individual Defendants fail as a matter of law because Chapter 21 of the Texas Labor Code does not provide for individual liability.**

Norman acknowledges that Chapter 21 does not allow for individual liability. [Dkt. No 24 at p. 13]. He is correct. *Anderson v. Houston Comm. Coll. Sys.*, 458 S.W.3d 633 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("It is well established in Texas that an individual cannot be held personally liable under [Chapter 21 of the Texas Labor Code]."); *Lopez v. Beard & Lane, P.C.*, 2023 WL 6283325, at *4 (S.D. Tex. Sept. 26, 2023) ("Like the Fifth Circuit, Texas courts have held that only employers, not individual employees, can be held liable for [Chapter 21] violations.") (citing cases).

However, he argues that his Chapter 21 claims should not be dismissed against the Individual Defendants because they "should be treated as claims against BISD." [Dkt. No. 24 at 14]. This makes no sense. Norman cannot maintain his Chapter 21 claims against the Individual Defendants *as a matter of law*. And, he already pursues these claims against Beaumont ISD in his Complaint.[4] Therefore, Norman's Chapter 21 claims against the Individual Defendants must be dismissed.

V. **The Court should strike Norman's reference to an unknown declaration.**

When ruling on a 12(b)(6) motion to dismiss, a court may only consider the "four corners" of the complaint—*i.e.*, the allegations in the complaint, any documents attached to the complaint, and facts of which a court may take judicial notice. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). A court may not consider evidence attached to a response to a motion to dismiss— including a declaration—when the evidence "was not part of, referenced by, or attached to [the] Original Complaint." *Blue Yonder Group, Inc. v. Kinaxis Inc.*, 2021 WL 2698437, *1 (N.D. Tex. May 17,

---

[4]The District's motion to dismiss on this issue is pending before this Court. [Dkt. No. 10].

8

2021). In his conclusion, Norman lists "key facts" from his declaration. [Dkt. No. 24 at p. 17]. Yet, he does not attach a declaration or reference it at all in his response. Nevertheless, because this "declaration" consists of new facts and allegations that were not part of, referenced by, or attached to his Amended Complaint, the Court cannot consider it in connection with the Individual Defendants' motion to dismiss.

### VI. The Court should not allow Norman to amend his complaint again.

"[A]lthough courts should freely give leave to amend a complaint, the Court is not *obligated* to do so, especially when the plaintiff stands by its former complaint, challenges the defendant's motion to dismiss, and makes only a breezy request to amend without apprising the district court of what facts would be pled in an amended complaint to cure deficiencies." *Castillo v. Boston Scientific Corp.*, 2021 WL 3630001, *3 (S.D. Tex. Jan. 19, 2021 ) (citing *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017)). Norman already amended his complaint once and, for whatever reason, chose not to add additional facts and claims at the appropriate time. [*See* Dkt. No. 9]. He should not now be permitted to require "the Court and Defendants to do his work for him" by saying "figure out what is wrong with my complaint and tell me how to fix it." *Banik v. Tamez*, 2017 WL 2505653, *5 (S.D. Tex. June 9, 2017). The Court should deny Norman's alternative request for leave to file a second amended complaint.

### CONCLUSION

Superintendent Allen and Chief Malbrough respectfully request that the Court dismiss the claims against them with prejudice.

9

THOMPSON & HORTON LLP

By: /s/ Stephanie A. Hamm
Stephanie A. Hamm, Attorney in Charge
State Bar No. 24069841
shamm@thompsonhorton.com
Alexa Gould
State Bar No. 24109940
agould@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6714
Facsimile: (713) 583-9611

**ATTORNEYS FOR BEAUMONT ISD**

**CERTIFICATE OF SERVICE**

On October 1, 2024, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Eastern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Alexa Gould
Alexa Gould