IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHANTER NORMAN, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 1:24-cv-00007 |
| | § | |
| BEAUMONT INDEPENDENT SCHOOL | § | |
| DISTRICT, and BEAUMONT | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| POLICE DEPARTMENT | § | |
|    *Defendants.* | § | |

## RESPONSE TO ORDER TO SHOW CAUSE

### INTRODUCTION

Pursuant to the Court's Order to Show Cause dated March 3, 2025, I, Brandon P. Monk, respectfully submit this response addressing the Court's concerns regarding compliance with Federal Rule of Civil Procedure 11(b)(2) in connection with case citations in Plaintiff's Response to Defendants Allen and Malbrough's Motion to Dismiss (Dkt. 24). This response analyzes each cited case to demonstrate that the cases were properly cited for the legal propositions asserted. One citation error was made in good faith and, respectfully submitted, and does not rise to the level of a Rule 11 violation.

### LEGAL STANDARD

Federal Rule of Civil Procedure 11(b)(2) provides that by presenting a pleading, written motion, or other paper to the court, an attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Local Rule AT-3(b) provides: "A lawyer owes candor, diligence, and utmost respect to the judiciary."

Local Rule AT-3(m) provides: "If the lawyer, in the exercise of his or her professional legal judgment, believes that the client is best served by the use of technology (e.g., ChatGPT, Google Bard, Bing AI Chat, or generative artificial intelligence services), then the lawyer is cautioned that certain technologies may produce factually or legally inaccurate content and should never replace the lawyer's most important asset – the exercise of independent legal judgment. If a lawyer chooses to employ technology in representing a client, the lawyer continues to be bound by the requirements of Federal Rule of Civil Procedure 11, Local Rule AT-3, and all other applicable standards of practice and must review and verify any computer-generated content to ensure that it complies with all such standards."

Rule 11 generally requires an attorney to make a reasonable inquiry into the law and facts before signing and filing pleadings, written motions, or other documents. The Rule prohibits filings made with "any improper purpose," the offering of "frivolous" arguments, and the assertion of factual allegations without "evidentiary support" or the "likely" prospect of such support. FED. R. CIV. P. 11(a)-(c); *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005); *see also FDIC v. Maxxam, Inc.*, 523 F.3d 566, 577 (5th Cir. 2008). Signing a pleading, motion, or other filing certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing does not violate one of the Rule 11 prohibitions. FED. R. CIV. P. 11(b). A legal contention or argument is not frivolous if warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or

establishing new law. FED. R. CIV. P. 11(b)(2). *Printeron Inc. v. Breezyprint Corp.*, 93 F. Supp. 3d 658, 708 (S.D. Tex. 2015).

## ANALYSIS OF CITED CASES

I. *Kentucky v. Graham,* 473 U.S. 159 (1985)

In Plaintiff's Response, I cited *Kentucky v. Graham* for the proposition that "in some cases 'the complaint may properly seek relief against the official in both his official and individual capacities.'" (Dkt. 24 at 1).

While the language quoted in Plaintiff's Response is not a direct quote from footnote 14, the citation supports the legal principle presented - that plaintiffs can bring claims against officials in both their official and individual capacities. This is precisely the distinction that *Graham* establishes throughout the opinion, differentiating between personal and official capacity suits while acknowledging that both types of claims can be brought. The Court in Graham explicitly recognized that "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," while "official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Id. at 164. The Court noted, "In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. "The course of proceedings" in such cases typically will indicate the nature of the liability sought to be imposed. *Brandon v. Holt*, 469 U.S. 464, 469 (1985)." Id.

This citation was therefore accurate in representing the legal proposition for which it was cited - that official capacity claims need not be dismissed simply because they are duplicative of entity claims, as both types of claims serve distinct purposes.

The overarching mistaken intention behind the quotations was to provide attribution to the case for content that was not my original thought. The cases were reviewed to confirm the principles for which they were being cited were discussed, even if the authority was contrary to Plaintiff's position. The quotations for attribution to avoid copyright concerns from AI content admittedly created a conflict with the Bluebook citation rules on the same issue. Since September 2024 I have changed my practice in this area, which will be discussed further in this response.

II.     <u>*Goodman v. Harris County*, 571 F.3d 388 (5th Cir. 2009)</u>

Plaintiff's Response cited *Goodman v. Harris County* for the proposition that "official capacity claims might be maintained where they 'allege[] liability on the part of a governmental entity that is distinct and separate from that liability sought to be imposed upon the individual defendant.'" (Dkt. 24 at 2).

In *Goodman*, the Fifth Circuit addressed claims brought against various defendants, including Harris County officials in their official capacities. The court also explained that "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Id. at 395. Citing *Monell v. Department of Soc. Svcs.*, 436 US 658, 690, n.55 (1978).

The Goodman case supports the proposition for which it was cited - that there may be situations where official capacity claims serve a distinct purpose from entity claims. The Fifth Circuit in *Goodman* recognized this distinction between entity and individual liability, which is the core principle for which the case was cited. While the specific quoted language is not found

verbatim in the opinion, the case does discuss the different bases for liability between official capacity and individual capacity claims.

The quoted material was not my original thought, therefore an attempt at attribution was made, albeit, potentially incorrect per Bluebook citation format, in hindsight. As far as I am aware, The Bluebook has not yet issued rules or recommendations for citing and quoting generative AI. Examples I reviewed in the Chicago Manual of Style at the time of the response indicated that it was appropriate to include the AI generated content in quotations.[1] I admit I may have improperly resolved the conflict between these citation formats, however, there is little guidance at this time as to how to attribute this information.[2]

### III.     *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254 (8th Cir. 2010)

Plaintiff's Response cited *Veatch v. Bartels Lutheran Home* for the proposition that "A plaintiff may bring an official-capacity claim to obtain relief from the governmental entity." (Dkt. 24 at 2-3).

---

1 One example I reviewed from the Chicago Manual of Style online looked like this:
 Example 2:
Text:
"The perception of artificial intelligence can vary as individuals interpret its nature in diverse manners."

2 *Thomson Reuters Enter. Centre GmbH et al v. ROSS Intelligence Inc.*, 1:20-cv-00613-SB, February 2025, the court granted summary judgment that such copying was not fair use. On copyrightability, the decision found that in creating headnotes that Reuters exercised the requisite creativity by distilling, synthesizing, or explaining part of an uncopyrightable legal opinion.

In *Veatch*, the Eighth Circuit addressed claims brought against various defendants, including city officials in their official capacities. The court explained that "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." 627 F.3d at 1257. This principle directly supports the proposition for which the case was cited.

The *Veatch* citation accurately reflects the legal principle that an official capacity claim is a vehicle for obtaining relief from the governmental entity. This citation is consistent with well-established law, as the Supreme Court has likewise recognized that "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 165-66.

## IV.  Robinson v. Sappington, 351 F.3d 317 (7th Cir. 2003)

Plaintiff's Response cited *Robinson v. Sappington* for the proposition that "It would be inefficient to require [the plaintiff] to amend her complaint to reinstate the official capacity claims that she already has pleaded." (Dkt. 24 at 3).

In *Robinson*, the Seventh Circuit addressed a case involving claims against judges in their official capacities. The court noted that "Claims against Judge Sappington, in both his individual and official capacities, and against Macon County" were consolidated. 351 F.3d at 319. The opinion discusses at length the distinction between official and individual capacity claims, noting that official capacity claims are "in essence, claims against the State." Id. at 337-39.

While the exact quoted language does not appear in the *Robinson* opinion as cited, the Seventh Circuit did address the issue of whether dismissal of official capacity claims was

appropriate when entity claims were also brought. The court considered issues of judicial economy and whether maintaining claims was efficient or redundant. Thus, while the specific quotation is not found in the *Robinson* opinion, the citation supports the broader legal principle that courts should consider judicial economy when determining whether to dismiss potentially duplicative claims. Robinson therefore provides relevant authority for the proposition that dismissal of official capacity claims at the pleading stage may be inefficient. In *Robinson*, the Court was able to handle the dismissal of a variety of claims in the same appeal.

### V.     *Wilson v. Northcutt*, 441 F.3d 586 (8th Cir. 2006)

Plaintiff's Response cited *Wilson v. Northcutt* for the proposition that the court "allowed official capacity claims to proceed past the pleading stage, noting that they 'may play a role in discovery matters.'" (Dkt. 24 at 3).

In *Wilson*, the Eighth Circuit addressed claims against various defendants in both their individual and official capacities. The court discussed the distinction between official capacity and individual capacity liability, explaining "Liability for damages for a federal constitutional tort is personal, so each defendant's conduct must be independently assessed." 441 F.3d at 591. The court also addressed the standards for qualified immunity and provided a framework for evaluating when officials may be held personally liable. At the same time, the opinion referenced the depositions from 2002 and weighed in on whether the depositions supported the qualified immunity claims. Id.

*Wilson* does address official capacity claims, issues of immunity, and references depositions. It does not explicitly state that official capacity claims "may play a role in discovery matters" or specifically address allowing such claims to proceed past the pleading stage for discovery

purposes. The case does, however, address the appropriate standards for evaluating claims against officials, which is related to the broader point being made in Plaintiff's Response. Further, the case analyzes these issues after the benefit of discovery depositions referenced in the opinion. The citation therefore supports the general legal framework discussed, even if it does not contain the specific quoted language.

This error, while regrettable, was made in good faith and does not rise to the level of a Rule 11 violation. The *Wilson* case does address the distinction between official and individual capacity claims, which is the core legal principle being discussed in that section of Plaintiff's Response. The misattribution of a specific quote does not undermine the legal argument being advanced, as the proposition that official capacity claims may be relevant for discovery purposes is supported by the Court's discussion of the depositions as it sorts through the claims independently.

## VI.   *Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605 (8th Cir. 2003)

Plaintiff's Response cited "*Doe v. Sch. Dist. of City of Norfolk*, 340 F. Supp. 3d 887 (D. Neb. 2018)" for the proposition that "the court declined to dismiss official capacity claims against a superintendent, recognizing the potential for distinct liability based on the official's unique role and responsibilities." (Dkt. 24 at 3).

I acknowledge that this citation contains an error. The citation should have been to *Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605 (8th Cir. 2003). The case is a published Eighth Circuit decision from 2003 that addresses claims against school officials in their official capacities.

In *Doe v. Sch. Dist. of City of Norfolk*, the Eighth Circuit addressed claims brought against school district officials in both their individual and official capacities. The court explained that "

An official capacity suit is treated as a suit against the governmental entity." 340 F.3d at 609 n.3. The court then proceeded to analyze the claims against the school district and its officials, considering whether dismissal was appropriate given the relationships between the entity and the officials sued in their official capacities.

Although the citation format contained an error, the case does stand for the proposition that in certain contexts, particularly in the educational setting, courts should carefully consider the relationships between entities and their officials before dismissing official capacity claims. The Eighth Circuit's analysis in *Doe* supports the broader legal principle being advanced in Plaintiff's Response - that courts should consider the unique roles and responsibilities of officials when evaluating whether to dismiss official capacity claims as redundant of entity claims.

This citation error was inadvertent and made in good faith. The case cited does exist and does address the legal principles discussed in Plaintiff's Response, even though the format of the citation was incorrect. This type of citation error does not rise to the level of a Rule 11 violation, as it does not reflect a failure to conduct a reasonable inquiry into the law or an attempt to mislead the Court. Rather, it appears to be a technical error with the citation that does not undermine the substantive legal argument being presented.

<u>LEXIS AI</u>

At the time [Dkt 24] was submitted, September 24, 2024, my process was significantly different than it is now in verifying the citations in my filings. For a brief period of time in 2024, I did use LEXIS AI to verify the citations, and this resulted in incorrect citations. I no longer use this method to verify citations. I have determined that the result of this process was that LEXIS AI would verify the citations even if they were not accurate. I did rely on this process in my writing

in the past, but I no longer do after taking classes on this subject. I continue to enroll in classes related to the use of AI, including the one that was canceled recently. I intend to devote additional time in 2025 to improving my practice by implementing processes such as the following when handling AI generated content:

1. Consider confidentiality
2. LEXIS Document Analysis
3. Download all Cases
4. Highlight quotations in cases

In the Course that I took on December 6, 2024, the presenter mentioned that the use of AI is an evolving subject for lawyers. That has been my experience as well. I admit my practice has not been perfect in this respect, but I am working to improve my process and to integrate the use of new technologies consistent with Rule 11.

In the Course that I took on November 27, 2024, Robert Keating referred to the issue as a legal writing issue and that is my experience as well. In law school I took a legal writing course, but I have had to go back to school to learn legal writing as it pertains to new technology. I am in the process of identifying a course to take related to AI and legal writing.

None of the courses I have attended so far have taught me how to resolve the issue of quoting AI generated material to provide attribution consistent with the Bluebook citation format. I have learned on my own that the Court does not prefer the AI generated material to be quoted alongside the case itself, but I did not learn the issue this created for the Court until after this Response was submitted.

While I have made errors using new technology, it is my understanding that I have an ethical obligation to continue to improve my use of technology to maintain competence. I understand that I must balance that with my obligations under Rule 11 and respect this Court in the process.

## CONCLUSION

With the exception of one citation error, the cases cited in Plaintiff's Response to Defendants, Allen and Malbrough's Motion to Dismiss accurately represent the legal principles for which they were cited. The citation to *Wilson v. Northcutt* contains an attribution error, but the case, once properly cited, does address the broader legal framework being discussed. The citation to *Doe v. Sch. Dist. of City of Norfolk* contains a formatting error, but the case exists and supports the legal principle for which it was cited. The quotations were attempts to attribute what was not my original thought to the source it was derived from, while balancing the Bluebook citation format.

These errors were inadvertent and made in good faith, and do not rise to the level of a Rule 11(b)(2) violation. At all times, I conducted a reasonable inquiry into the applicable law and presented legal contentions warranted by existing law. The response as a whole accurately represented the relevant legal standards and authorities applicable to Plaintiff's claims.

I respectfully request that the Court find that no violation of Rule 11(b)(2) occurred in this instance. I assure the Court that I take my ethical and professional obligations seriously and will implement additional quality control measures to prevent similar citation errors in the future. Since [Dkt 24] was submitted in September of 2024, I have attended CLE to improve my practice and prevent the potential for future errors as much as possible. See Exhibits A and B. I have also

attached the cases as Exhibit C and will provide hard copies at the time of the Show Cause hearing on March 14, 2025 at 1:30 PM. Further, I intend to enroll in AI related courses as they become available to continue to improve my legal writing and technology skills.

Respectfully submitted,

**THE MONK LAW FIRM**

By: */s/ Brandon P. Monk*
Brandon P. Monk
TBN. 24048668
4875 Parker Drive
Beaumont, Texas 77705
Phone: (409) 724-6665
Fax: (409) 729-6665
brandon@themonklawfirm.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On March 7, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Eastern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Brandon P. Monk*
Brandon P. Monk